**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 25-4085**

—————————

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

    v.

MARKEEMEIUS DESHAUN MORGAN,

             Defendant - Appellant.

—————————

Appeal from the United States District Court for the Western District of North Carolina, at Statesville.  Kenneth D. Bell, District Judge.  (5:23-cr-00044-KDB-SCR-1)

—————————

Submitted:  June 25, 2026                          Decided:  June 29, 2026

—————————

Before BENJAMIN and BERNER, Circuit Judges, and TRAXLER, Senior Circuit Judge.

—————————

Affirmed by unpublished per curiam opinion.

—————————

**ON BRIEF:**  William R. Terpening, TERPENING LAW, PLLC, Charlotte, North Carolina, for Appellant.  Russ Ferguson, United States Attorney, Julia K. Wood, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

—————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Markeemeius Deshaun Morgan appeals the 66-month sentence imposed following his guilty plea to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).  On appeal, Morgan challenges the district court's application of a base offense level based on Morgan's possession of a semiautomatic firearm capable of accepting a large capacity magazine, U.S. Sentencing Guidelines Manual § 2K2.1(a)(4)(B) (2023), and an enhancement based on Morgan's possession of the firearm in connection with another felony offense, USSG § 2K2.1(b)(6).  We affirm.

When considering a Guidelines challenge, "we review the district court's factual findings for clear error," *United States v. Gross*, 90 F.4th 715, 720 (4th Cir. 2024) (internal quotation marks omitted), and "its legal conclusions de novo," *United States v. Hunt*, 123 F.4th 697, 708 (4th Cir. 2024) (internal quotation marks omitted).  Under the clear error standard, we will reverse only if we are "left with the definite and firm conviction that a mistake has been committed."  *Gross*, 90 F.4th at 722 (internal quotation marks omitted).  "The government bears the burden of establishing the applicability of a sentencing enhancement by the preponderance of the evidence." *United States v. Henderson*, 88 F.4th 534, 536 (4th Cir. 2023).

Morgan's conviction stemmed from an altercation during which he and another man engaged in a gun fight in a residential area.  Morgan's car was disabled during the gunfight, and law enforcement officers recovered cocaine, marijuana, a digital scale, and rounds of ammunition inside.  At sentencing, the Government introduced dashcam video from Morgan's car showing the gunfight and a lab report prepared by state police detailing the

amount of cocaine and marijuana recovered from the car.  The Government also elicited the testimony of an investigating agent with the Bureau of Alcohol, Tobacco, and Firearms, who testified that the volume of cocaine found in the car was more than a personal use amount.  The agent also testified that the dashcam video clearly showed Morgan wielding a semiautomatic weapon capable of accepting a large capacity magazine during the gunfight, then entered the car—where the cocaine was later found—still carrying the gun.

Morgan contends that the evidence was insufficient to support the application of the base offense level and the enhancement.  However, the district court credited the lab report and the agent's testimony, finding by a preponderance of the evidence that Morgan possessed a semiautomatic weapon capable of accepting a large capacity magazine in close proximity to dealer quantities of cocaine.  For the purposes of USSG § 2K2.1(b)(6), "[w]hen the other felony offense is a drug trafficking crime, a presumption in favor of facilitation applies when the firearm and the drugs are found in close proximity to one another."  *United States v. Mitchell*, 78 F.4th 661, 671 (4th Cir. 2023).  We do not lightly disturb the district court's resolution of such factual disputes, and we discern no basis for doing so here.

Accordingly, we affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

3